# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LOUIS HAIRSTON, <br> Petitioner, <br><br> vs. <br><br> WANZA JACKSON, WARDEN, <br> Respondent. | Civil Action No. 1:09-cv-247 <br><br> Spiegel, J. <br> Hogan, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 3), respondent's motion to dismiss (Doc. 8), and petitioner's memorandum in opposition. (Doc. 15).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On May 31, 2006, a jury found petitioner guilty of aggravated burglary, aggravated robbery, kidnapping, theft, disrupting public services, and firearm specifications. (Doc. 8, Exh. 6). Petitioner was sentenced to a prison term totaling thirty-one years. (Doc. 8, Exh. 7).

### Direct Appeal

Petitioner, through new counsel, filed a timely appeal in the Fourth District Court of Appeals, Scioto County, Ohio raising seven assignments of error. (Doc. 8, Exhs. 8, 9). The Ohio Court of Appeals rejected all but one assignment of error–the trial court's order that petitioner's sentences be served consecutively–and remanded for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Doc. 8, Exh. 11).

Petitioner, through the state public defender's office, timely appealed to the Supreme Court of Ohio. (Doc. 8, Exhs. 12, 13). On October 31, 2007, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, Exh. 15).

### Application to Reopen Direct Appeal

While his direct appeal was pending in the Ohio Supreme Court, petitioner, through counsel, filed an Ohio Appellate Rule 26(B) application to reopen his direct appeal in the Fourth District Court of Appeals, alleging appellate counsel was ineffective for failing to raise two additional claims on appeal. (Doc. 8, Exh. 16). On October 10, 2007, the state appellate court denied the application finding petitioner failed to establish a genuine issue as to whether he was deprived of effective assistance of counsel. (Doc. 8, Exh. 19).

On November 26, 2007, petitioner, through counsel, filed a timely appeal in the Supreme Court of Ohio. (Doc. 8, Exhs. 20, 21). On January 23, 2008, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, Exh. 22).

### Resentencing

On February 25, 2008, the trial court resentenced petitioner pursuant to the June 4, 2007 decision of the Ohio Court of Appeals on direct appeal and imposed the same sentence as before. (Doc. 8, Exh. 23). No appeal was taken.

### Federal Habeas Corpus

On April 16, 2009, petitioner, represented by the Ohio Public Defender, filed a petition for a writ of habeas corpus. (Doc. 1). The petition sets forth five grounds for relief:

**GROUND ONE:** Trial counsel was ineffective for failing to move to sever Mr. Hairston's case from his co-defendants.

**Supporting Facts:** Louis Hairston was indicted for two counts of aggravated burglary, two counts of attempted murder, two counts of kidnapping and single counts of gross sexual imposition, theft and disrupting public service. He was tried in a joint trial with his brother, Marquis Hairston and his cousin, Jovaughny Hairston. Marquis Hairston was also charged with a burglary for a 2004 incident at the same residence. This charge was tried along with the previously mentioned counts. All of the evidence pertaining to Marquis' charge of burglary in 2004 was admitted in the trial against Louis. Furthermore, incriminating statements made by Marquis to a jailhouse snitch, Jerry Jackson, were admitted against Louis, even thought Marquis did not testify and therefore was not available to cross-examine. Furthermore, statements that his codefendants made pertaining to related offenses also came in against Louis.

**GROUND TWO:** Trial counsel was ineffective for failing to object to the admission of police testimony that violated the Confrontation Clause.

**Supporting Facts:** Mr. Hairston's trial attorney did not object to the admission of police officer's testimony that his co-defendants, Marquis and Jovaughny Hairston, confessed to home invasions in German Village. There is a reasonable probability sufficient to undermine the confidence in the verdict that had Mr. Hairston's trial attorney objected, the trial court would have properly excluded the testimony and Mr. Hairston would not have been convicted.

**GROUND THREE:** Trial counsel was ineffective for failing to object to the admission of Jerry Jackson's testimony that violated the Confrontation Clause.

**Supporting Facts:** Mr. Hairston's trial attorney did not object to the admission of Jerry Jackson's testimony that Marquis Hairston made incriminating statements about "the three guys from Columbus." There is a reasonable probability sufficient to undermine the confidence in the verdict that had Mr. Hairston's trial attorney objected, the trial court would have properly excluded the testimony and Mr. Hairston would not have been convicted. Due process violations as guilty pleas were involuntary: unintelligent & unknowingly entered.

**GROUND FOUR:** Louis Hairston was deprived of due process and a fair trial when prior bad acts were admitted against him. Mr. Hairston's constitutional violation was compounded by the Court of Appeals' failure to analyze the assigned error in the manner raised.

**Supporting Facts:** Mr. Hairston was on trial for an incident that allegedly

3

occurred in Scioto County. Four witnesses testified solely about similar robberies that occurred in German Village an affluent neighborhood in Columbus, Ohio. Substantial evidence was admitted in the trial about the highly publicized home invasions. The admission of all of the evidence of the German Village home invasions had minimal probative value and unduly prejudiced Mr. Hairston.

**GROUND FIVE:** Appellate counsel was ineffective for failing to raise two meritorious issues.

**Supporting Facts:** Mr. Hairston's appellate attorney failed to raise Grounds Two and Three in his direct appeal. Had appellate counsel raised these issues, there is a reasonable probability sufficient to undermine the confidence in the result of his appeal, that Mr. Hairston would have won on appeal.

(Doc. 3).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent contends that the petition is untimely and barred by the statute of limitations. Petitioner asserts he is entitled to equitable tolling of the statute of limitations in this case. For the reasons that follow, the Court concludes that the petition is time-barred and that equitable tolling of the limitations period is not warranted.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

      and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could
      have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The timeliness of the petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." The Ohio Supreme Court denied review in petitioner's direct appeal on October 31, 2007. Since "direct review" of petitioner's conviction included review by the United States Supreme Court, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Clay v. United States,* 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000), the statute of limitations began to run when the 90-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay,* 537 U.S. at 525; *Bronaugh,* 235 F.3d at 283. Accordingly, petitioner's conviction became final on January 29, 2008, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. The statute of limitations began running the next day on January 30, 2008, and expired one year later on January 30, 2009 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh,* 235 F.3d at 285. Petitioner's habeas corpus petition was filed on April 16, 2009, after the statute of limitations expired. Unless the limitations period is tolled by statute or otherwise, the petition is time-barred.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000). Petitioner's Ohio App. R. 26(B) application to reopen does not serve to toll the statute of limitations in this case because those proceedings concluded prior to the commencement of the statute of limitations on January 30, 2008.

The Ohio Supreme Court dismissed petitioner's appeal of the denial of his Rule 26(B) application on January 23, 2008, one week before the statute of limitations began to run. Petitioner was not entitled to an additional 90 days of tolling of the limitations period in which he could have petitioned for certiorari to the United States Supreme Court because his Rule 26(B) application is considered an application for state post-conviction relief[1] which, unlike "direct review" of a conviction, is not subject to an addition 90 days of tolling. *Lawrence*, 549 U.S. at 337. Since petitioner was not entitled to an additional 90 days of tolling of the limitations period and his Rule 26(B) proceedings were concluded prior to the commencement of the limitations period, his Rule 26(B) application did not toll the running of the statute of limitations. Therefore, petitioner is not entitled to statutory tolling under § 2244(d)(2).

The Court must consider whether the statute of limitations may be equitably tolled in this case. The AEDPA statute of limitations is not jurisdictional and may be tolled under appropriate,

---

[1] *See Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005), *cert. denied*, 547 U.S. 1099 (2006) (Ohio Rule 26(B) application to reopen is part of collateral, post-conviction process and not part of direct review process).

but limited, circumstances. *See Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Allens v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004). Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Sherwood*, 579 F.3d at 588; *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In determining whether equitable tolling is appropriate, the Court examines five non-exclusive factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood*, 579 F.3d at 588; *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). These five factors are neither comprehensive nor relevant in all cases. *Sherwood*, 579 F.3d at 588. The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id. See also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003). Petitioner bears the burden of showing he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case.

7

Petitioner concedes he had "constructive notice" of the AEDPA filing deadline through his counsel, but asserts he did not have actual notice of the deadline for filing a habeas corpus petition. (Doc. 15 at 4). However, even if petitioner lacked actual notice of the filing deadline, the Sixth Circuit "has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'" and that a purported lack of actual or constructive knowledge does not merit equitable tolling. *Allen,* 366 F.3d at 403 (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)).

Petitioner also asserts he was diligent in pursuing his rights. Petitioner, through counsel, filed numerous pleadings in state court raising claims of constitutional error that occurred at his trial. (Doc. 15 at 4). However, a showing of diligence at the state level is insufficient to warrant equitable tolling. *See Allen v. Yukins,* 366 F.3d 396, 404 (6th Cir. 2004); *Fuller v. Thomas,* 110 Fed. Appx. 496, 499 (6th Cir. Aug. 24, 2004). Petitioner fails to demonstrate that he diligently pursued his rights in these federal proceedings.

Petitioner also contends that his former attorney was mistaken about the deadline and that the failure to file his habeas petition by the deadline was inadvertent. (Doc. 15 at 4). Former counsel avers that she "presumed that the deadline for filing Mr. Hairston's habeas petition was one year and 90 days after the Ohio Supreme Court denied leave to appeal [the Rule 26(B) application], or April 23, 2009. Therefore, I filed his habeas petition on April 16, 2009, assuming it was within the time frame." (Doc. 15, Exh. A, ¶5). Counsel further states, "I did not know that the U.S. Supreme Court held that the 90-day tolling period did *not* apply to 26(B) proceedings." (Doc. 15, Exh. A, ¶6) (emphasis in the original). Petitioner contends he should not be punished for his former counsel's mistake.

8

Ordinarily, an attorney's negligence or mistake will not amount to extraordinary circumstances to justify equitable tolling of the statute of limitations. In *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003), the Sixth Circuit declined to equitably toll the statute of limitations where the petitioner delayed filing his habeas corpus petition on the unintentional, but mistaken advice of his attorney while the attorney continued to investigate additional grounds for post-conviction relief. The Sixth Circuit determined:

> Generally, "a lawyer's mistake is not a valid basis for equitable tolling." *Whalen v. Randle,* 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir. 2000) (attorney's misreading of AEDPA did not require equitable tolling). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen,* 37 Fed. Appx. at 120 (citing *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999)).

*Id.* at 644 -645. *See also Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (attorney's admitted lack of knowledge of federal habeas corpus procedures did not justify equitable tolling). The Supreme Court has also declined to equitably toll the AEDPA statute of limitations based on an attorney's mistake:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

*Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson,* 501 U.S. 722, 756-757 (1991). Attorney negligence does not ordinarily justify equitable tolling because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and

9

the petitioner must bear the risk of attorney error." *Coleman*, 501 U.S. at 753 (internal quotations and citations omitted). *See Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (attorney's confusion about AEDPA's statute of limitations does not justify equitable tolling); *Steed v. Head,* 219 F.3d 1298 (11th Cir. 2000) (attorney's miscalculation of limitations period or mistake does not constitute an extraordinary circumstance warranting equitable tolling); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir. 2000) (same); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999) (holding defense counsel's alleged mistake in calculating the limitations period for filing § 2254 petition did not equitably toll statute of limitations). *See also Colwell v. Tanner,* 79 Fed. Appx. 89, 92-93 (6th Cir. 2003) (attorney's "unwise" choice to file a habeas petition late was "not grounds for tolling the statutorily mandated one-year limitations period"), *cert. denied,* 541 U.S. 974 (2004); *Elliott v. Dewitt,* 10 Fed. Appx. 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

On the other hand, courts have determined that egregious misconduct or malfeasance by an attorney may warrant equitable tolling of the AEDPA statute of limitations. *See Smith v. United States,* No. 2:05-cv-017, 2006 WL 3324859, at *1 (S.D. Ohio Nov. 16, 2006) ("serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling'") (citing *Berry v. Ault,* 312 F.3d 948, 952 (8th Cir. 2002)). In *Smith,* the Court determined that equitable tolling of the statute of limitations was appropriate where the petitioner's attorney lied to her, advised her he would meet the habeas petition filing deadline, and failed to communicate with the petitioner or return her phone calls. *Id.* The *Smith* Court noted that other circuits have held that a lawyer's gross misdeeds may justify equitable tolling. *Id.* (citing *Spitsyn v. Moore,* 345

10

F.3d 796, 798 (9th Cir. 2003) (tolling state habeas petitioner's statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States,* 338 F.3d 145, 152 (2d Cir. 2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002) (holding that petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir. 2001) (noting that claims of attorney misconduct may provide a basis for equitable tolling), *overruled on other grounds by Carey v. Saffold,* 536 U.S. 214 (2002); *cf. Rouse [v. Lee],* 339 F.3d [238] at 250 n. 14 [(4th Cir. 2003)] (suggesting that equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *but see Modrowski v. Mote,* 322 F.3d 965, 968-69 (7th Cir. 2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client")). Likewise, in *Dial v. Beightler,* __ F. Supp.2d __, 2010 WL 715689 (N.D. Ohio Feb. 22, 2010), the Court permitted equitable tolling of the habeas deadline based on the egregious misconduct of the petitioner's attorney. In that case, the attorney took money from the petitioner for work he promised but never performed, blatantly lied to his client to deceive him about this fact, and refused, even after he was fired, to return the petitioner's documents thereby frustrating the petitioner's efforts in obtaining relief. *Id.* at \*3. Under the circumstances, the *Dial* Court

11

found the petitioner met his burden showing entitlement to equitable tolling. *Id.* at *4

Here, the late filing in this case is attributable not to any egregious or gross misconduct on the part of counsel, but rather to counsel's mistaken belief that the AEDPA deadline was one year after the additional ninety-day period in which petitioner could have appealed to the United States Supreme Court from the Ohio Supreme Court's denial of leave to appeal the Rule 26(B) application. This mistaken belief was presumably based on the law of the Sixth Circuit as it existed prior to the Supreme Court's decision in *Lawrence v. Florida,* 549 U.S. 327, 337 (2007). Prior to the Supreme Court's decision in *Lawrence,* the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence,* 549 U.S. 327. After *Lawrence,* however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari. Therefore, petitioner was not entitled to an additional 90 days of tolling of the statute during which he could have filed a certiorari petition with the United States Supreme Court.

*Lawrence* was decided on February 20, 2007, nearly two years prior to the expiration of the statute of limitations in this case. Since petitioner had constructive knowledge of the change in the law on February 20, 2007, when *Lawrence* was decided by the Supreme Court, it was unreasonable for counsel to believe she had an extra ninety days to file a habeas petition in this case. Counsel's mistaken belief that she had an additional ninety days within which to file the petition is not an "extraordinary circumstance" beyond the petitioner's control justifying the

12

application of equitable tolling in this case.

Petitioner finally contends that respondent would not be prejudiced by equitable tolling in this case. Petitioner asserts that if the Court equitably tolls the statute of limitations in this matter, respondent will only have to respond to petitioner's fourth claim for relief since petitioner, through new counsel, moves to dismiss all other grounds for relief. (Doc. 15 at 4, 5). Yet, prejudice to the respondent is a factor the Court considers only if equitable tolling is justified by the other factors, which it is not. *See Allen,* 366 F.3d at 404; *Vroman v. Brigano,* 346 F.3d at 605.

Equitable tolling is not appropriate under the *Sherwood/Dunlap* factors. Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

13

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/26/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LOUIS HAIRSTON,
    Petitioner,

vs.

WANZA JACKSON, WARDEN,
    Respondent.

Civil Action No. 1:09-cv-247

Spiegel, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within 14 DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within 14 DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).