```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

|                                    |   |                      |
|------------------------------------|---|----------------------|
| LOUIS HAIRSTON,                    | : | NO. 1:09-CV-00247    |
|     Petitioner,                    | : |                      |
|     v.                             | : | **OPINION AND ORDER** |
| WARDEN, WARREN CORRECTIONAL INSTITUTION, | : |                      |
|     Respondent.                    | : |                      |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16) and Petitioner's Objection (doc. 17). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus as time-barred.

**I.   Background**

Petitioner is serving a thirty-one year sentence, having been found guilty by a jury on May 31, 2006, of aggravated burglary, aggravated robbery, kidnapping, theft, disrupting public services, and firearm specifications (doc. 16). The Magistrate Judge carefully reported the procedural history of Petitioner's subsequent state appeals, his application to reopen his direct appeal, and his February 25, 2008 resentencing. The Court need not recite such history as the only real issue before the Court is whether the Magistrate Judge's determination is correct that Petitioner's Petition for Writ of Habeas Corpus is time-barred.


On October 31, 2007, the Ohio Supreme Court denied Petitioner leave to direct appeal and dismissed Petitioner's appeal as not involving any substantial constitutional question. As such, Petitioner's conviction became final on January 29, 2008, when the ninety-day period for seeking certiori with the United States Supreme Court expired. The one-year statute of limitations applicable to habeas corpus petition, absent the application of any applicable tolling principles, began running on January 30, 2008, and therefore expired on January 30, 2009. Petitioner filed his petition on April 16, 2009, after the statute of limitations had expired.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge offered a thorough examination of the record in this matter and concluded that the Petition should be dismissed as time-barred (doc. 16). The Magistrate Judge reviewed whether the application of Section 2244(d)(2) statutory tolling of the limitations period could be warranted, and decided in the negative (Id.). The Magistrate Judge found that Petitioner cannot rely on the pendency of his Rule 26(b) application for tolling because the proceedings applicable to such application concluded prior to the commencement of the statute of limitations on January 30, 2008 (Id., citing Lopez v. Wilson, 426 F.3d 339, 351 (6th Cir. 2005), cert. denied, 547 U.S. 1099 (2006)).

The Magistrate Judge further found no basis for equitable

tolling under the standards articulated in Sherwood v. Prelesnik, 579 F.3d 581, 587-88 (6th Cir. 2009), and Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.) cert. denied, 534 U.S. 1057 (2001) (Id.). The Magistrate Judge concluded that although Petitioner may have been diligent in pursuing his rights in state court, he failed to demonstrate that he diligently pursued his rights in these federal proceedings (Id.).

Although it is clear from the record that Petitioner's former attorney inadvertently missed the deadline thinking she had a 90-day tolling period applicable to the Rule 26(B) application, when the United States Supreme Court has held that such tolling period is inapplicable to 26(B) proceedings, the Magistrate found that ordinarily an attorney's mistake will not amount to extraordinary circumstances to justify equitable tolling of the statute of limitations (Id. Citing Jurado v. Burt, 337 F.3d 638, 644-45 (6th Cir. 2003)). In this case, the Magistrate Judge found, the late filing is not attributable to any egregious or gross misconduct on the part of counsel that might warrant equitable tolling, but rather to counsel's mistaken belief that she had an additional ninety-day period based on the Rule 26(B) application (Id.). Such mistaken belief, reasoned the Magistrate Judge, is not an "extraordinary circumstance" justifying the application of equitable tolling (Id.). As such, the Magistrate Judge found the Petition time-barred and recommended the Court grant Respondent's

3

motion to dismiss.

**III. Petitioner's Objections**

Petitioner contends in his Objections that he was diligent in pursuing his rights and despite his attorney's miscalculation of the correct deadline, the Court may, in its discretion apply equitable tolling to prevent a manifest injustice (doc. 17, citing Steward v. Wilson. 555 F. Supp. 2d 858, 877 (N.D. Ohio 2006)). Petitioner argues he should not be punished for his former counsel's mistake (Id.). Petitioner contends that the Court's refusal to equitably toll the limitations period will unjustly bar federal review of his state court's unconstitutional action in allowing prejudicial testimony of prior bad acts to be used against him in violation of his due process rights (Id.). Petitioner argues he has abandoned all of the grounds in his Petition save Ground Four, pertaining to the evidence of prior bad acts, such that the Respondent would not be prejudiced by federal court review (Id.).

**IV. Discussion**

Although the Court is impressed by Petitioner's counsel's impassioned objection to the Magistrate Judge's Report and Recommendation, the Court must nonetheless uphold the law, which in this case, it understands requires the Court to dismiss Petitioner's Petition as time-barred. The Magistrate Judge's thorough and well-reasoned opinion offered plenty of precedent for

4

the proposition that an attorney's mistakes do not serve as a basis for equitable tolling. Petitioner concedes he had constructive notice of the deadline, and that precedent had been in place for two years making such deadline clear, but contends the circumstances of his case are sufficient to apply equitable tolling so as to avoid manifest injustice. As reasonable jurists very well might disagree with this Court's conclusion concerning its refusal to apply equitable tolling, the Court will diverge from the Magistrate Judge's recommendation that it deny a certificate of appealability and in forma pauperis status for purposes of filing an appeal.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 16) to the extent that it GRANTS Respondent's Motion to Dismiss (doc. 8), and DISMISSES the Petition (doc. 3) with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244 (d).

However, as jurists of reason might find it debatable whether this Court is correct in its procedural ruling, the Court FINDS that a certificate of appealability should issue with respect to the Petition. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Moreover, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order should be taken in good faith, and therefore the Court GRANTS Petitioner leave to proceed on appeal in

5

forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: October 5, 2010          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge

6